UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Denis J. Opsahl,

                 Petitioner,

vs.                            REPORT AND RECOMMENDATION

State of Minnesota,
Hennepin 4 District Court,
Hennepin Co. Detention Ctr.,

                 Respondents.      Civ. No. 09-1181 (MJD/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petition of Denis J. Opsahl for a Writ of Habeas Corpus under Title 28 U.S.C. §2254. The Petitioner appears pro se and, because his Petition has yet to be served, no appearance has been made by, or on behalf of, the Respondents. For reasons which follow, we recommend that the Petition for Writ of

Habeas Corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## II. Factual and Procedural Background

The Petitioner is currently confined at the Hennepin County Detention Center in Minneapolis, Minnesota, and he now Petitioner challenges his conviction on April 1, 2009, in the State District Court for Hennepin County, Minnesota. See, Petition, Docket No. 1, at §§1- 2, 6.

According to the Petition, the Petitioner "was convicted by use of a coerced 'confession,'" his "conviction was obtained pursuant to an unlawful arrest," and his "conviction was obtained in violation of [his] prvalage [sic] against self incrimination." Id., at §§12.A, 12.C-D. The Petitioner also claims that his "conviction [was] obtained by unconstitutional failure of the State to disclose to Defendant evidence favorable to Defendant." Id. at §13. As a result, it appears that the Petitioner has been convicted of a State criminal offense, that he is currently confined because of that conviction, and that he requests that we overturn his conviction.

---

[1]Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Shortly after the Petition was filed, we found reason to question whether the Petitioner had fully exhausted all of his available State Court remedies in challenging his purported conviction.[2] Therefore, on May 28, 2009, we directed the Petitioner to show cause why this action should not be dismissed for his failure to exhaust his available State Court remedies, as required by Title 28 U.S.C. §2254(b). See, Docket No. 3. On June 15, 2009, the Petitioner filed a Response, see, Docket No. 4, and we proceed to his arguments.

Based upon the Petitioner's Response, it now appears that, contrary to the information furnished in his Petition, the Petitioner has not been convicted of any Minnesota State criminal offense. Instead, it is now evident that the Petitioner has merely been charged with an offense, stemming from "alleged crank 911 calls," and that he is currently in custody while awaiting Trial on the pending State criminal charges against him. See, Petitioner's Response, Docket No. 4., at 1-2. In his Response, the Petitioner describes a series of State Court pre-trial proceedings, some of which allegedly occurred after the Petitioner filed his current Petition. Id. at 1-4.

---

[2]The Petitioner purportedly was convicted on April 1, 2009, see, Petition, supra at §1, and he filed his Petition with the Clerk of Court on May 20, 2009. See, Docket No. 1. Accordingly, we found it highly unlikely that the Petitioner could have fully exhausted the Minnesota State Court appeals processes in less than two (2) months.

The Response also alludes to an ongoing psychological evaluation which, apparently, has been ordered to determine whether the Petitioner is mentally competent to stand Trial. Id.

Upon our review of his Response, it is apparent that the Petitioner is not presently in custody pursuant to a final Judgment of a State Court conviction, but rather, he is simply a pretrial detainee of the State. Since the Petitioner is not challenging a final Judgment of conviction, we must consider whether he has presented any claim for relief that could be properly entertained in this Section 2254 Habeas Corpus proceeding.

### III. Discussion

Title 28 U.S.C. §2254 is the traditional Federal post-conviction remedy for individuals who are detained by State authorities. See, Dickerson v. State of Louisiana, 816 F.2d 220, 224 (5th Cir. 1987)(detainee's "petition under 28 U.S.C. §2254 is improper because that section applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court'"), cert. denied, 484 U.S. 956 (1987); Hirsch v. Smitley, 66 F. Supp.2d 985, 986 (E.D.Wis. 1999)("Section 2254 applies only to collateral attacks on state court 'judgments' and

therefore has no application in situations where the petitioner is awaiting trial on criminal charges").

However, some Federal Courts have concluded that a State detainee can, on some occasion, seek Federal Habeas Corpus relief, before the entry of a final State Court Judgment, under Title 28 U.S.C. §2241.[3] See, <u>Dickerson v. State of Louisiana</u>, supra at 224 ("Pre-trial petitions * * * are properly brought under 28 U.S.C. §2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."); <u>Hirsch v. Smitley</u>, supra at 986 ("Pre-judgment habeas relief is available * * * under 28 U.S.C. §2241"); <u>Carden v. State of Montana</u>, 626 F.2d 82, 83 (9th Cir. 1980) ("[D]istrict court had jurisdiction, under 28 U.S.C. §2241, to issue [a] pretrial writ of habeas corpus."), cert. denied, 449 U.S. 1014 (1980); <u>Woodard v. Plummer</u>, 1998 WL

---

[3]Title 28 U.S.C. §2241(a) provides as follows:

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions * * *.

28 U.S.C. §2241(c)(3) further provides that:

> The writ of habeas corpus shall not extend to a prisoner unless * * * [h]e is in custody in violation of the Constitution or laws or treaties of the United States.

30092 at *1 (N.D.Cal., January 13, 1998)("A pretrial detainee not yet convicted pursuant to a state court judgment may seek a writ of habeas corpus under 28 U.S.C. §2241(c)(3)."). Here, since the Petitioner is not challenging a final State Court Order or Judgment, his current Petition will be treated as having been brought under Section 2241(c)(3), rather than under Section 2254.

Although Section 2241 does not include a statutory exhaustion requirement comparable to that found in Section 2254(b), Federal Courts have consistently recognized that the principles of comity and federalism require State pretrial detainees to present their constitutional claims in State Court before seeking Federal Habeas Corpus relief under Section 2241. See, <u>Dickerson v. State of Louisiana</u>, supra at 225 ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."); <u>Moore v. DeYoung</u>, 515 F.2d 437, 442 (3rd Cir. 1975)("28 U.S.C. §2241(c)(3), which empowers district courts to issue the writ before a judgment is rendered in a criminal proceeding, makes

30092 at *1 (N.D.Cal., January 13, 1998)("A pretrial detainee not yet convicted pursuant to a state court judgment may seek a writ of habeas corpus under 28 U.S.C. §2241(c)(3)."). Here, since the Petitioner is not challenging a final State Court Order or Judgment, his current Petition will be treated as having been brought under Section 2241(c)(3), rather than under Section 2254.

Although Section 2241 does not include a statutory exhaustion requirement comparable to that found in Section 2254(b), Federal Courts have consistently recognized that the principles of comity and federalism require State pretrial detainees to present their constitutional claims in State Court before seeking Federal Habeas Corpus relief under Section 2241. See, <u>Dickerson v. State of Louisiana</u>, supra at 225 ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."); <u>Moore v. DeYoung</u>, 515 F.2d 437, 442 (3rd Cir. 1975)("28 U.S.C. §2241(c)(3), which empowers district courts to issue the writ before a judgment is rendered in a criminal proceeding, makes

no reference to exhaustion * * * [but] [i]n this area, an exhaustion requirement has developed through decisional law, applying principles of federalism."); Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir. 1979)("In the interests of comity between federal and state courts, the doctrine of exhaustion of state remedies has developed. It applies to pre-trial, as well as post-trial, habeas corpus petitions."), cert. denied, 446 U.S. 908 (1980); Hirsch v. Smitley, supra at 986 ("'While not explicitly required by § 2241(c)(3), the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to pretrial petitions'"), quoting Blanck v. Waukesha County, 48 F. Supp.2d 859, 860 (E.D.Wis. 1999); see also, Davis v. Mueller, 643 F.2d 521, 525 (8th Cir. 1981)(noting that the availability of Federal Habeas relief while State Court proceedings are still pending is limited by the "'notion of comity'" and "the proper respect for state functions"), cert. denied, 454 U.S. 892 (1981).

Ordinarily, a State detainee must await the entry of a final State Court Judgment in order to satisfy the exhaustion of State remedies requirement, and qualify for Federal Habeas Corpus review. The Supreme Court has "advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." Harmon v. City of Kansas City, 197 F.3d 321, 325 (8th Cir. 1999), cert. denied, 529 U.S. 1038 (2000), citing Younger v. Harris, 401

U.S. 37, 43-44 (1971); Sacco v. Falke, 649 F.2d 634, 636 (8th Cir. 1981)("'Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution.'"), quoting Wingo v. Ciccone, 507 F.2d 354, 357 (8th Cir. 1974); Carden v. State of Montana, supra at 83-84 (Federal Courts will not interfere in State criminal proceedings before they become final except in "unusual," "extraordinary," or "special" circumstances).

Courts have defined extraordinary circumstances, which justify Federal intervention as involving double jeopardy claims ,or issues regarding the right to a speedy Trial. See, e.g., Satter v. Leapley, 977 F.2d 1259, 1261 (8th Cir. 1992)("A claim that a state prosecution will violate the Double Jeopardy Clause presents an exception to the general rule of Younger v. Harris," and "[i]t is thus well established that federal district courts can entertain pretrial habeas petitions in which petitioner asserts an impending state trial violates the Double Jeopardy Clause"), citing Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir.1992), cert. denied, 506 U.S. 1048 (1993), and Palmer v. Clarke, 961 F.2d 771, 774 (8th Cir.1992); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 488-89 (1973)(allowing a Section 2241 action for a Speedy Trial claim despite not having yet been brought to Trial). In this case, the

Petitioner has not presented any such unusual, extraordinary, or special claims so as to warrant Federal intervention.

In <u>Carden v. State of Montana</u>, supra at 84, the Court of Appeals for the Ninth Circuit observed that, "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." The Court's use of the word "proven" suggests that a claim of "harassment," or "bad faith," would not warrant prejudgment Federal interference in a State criminal case, unless the claim were supported by a substantial and credible factual record. In addition, there would have to be a competent showing of "irreparable injury." Nonetheless, we have not uncovered any reported case in which such a claim of "extraordinary circumstances" has actually been upheld.

Here, the Petitioner believes that he is being wrongly prosecuted, that there is insufficient evidence to convict him on the charges that have been brought against him, and that the State Trial Court has not fully honored his rights as a criminal defendant. However, those conclusory beliefs are undoubtedly shared by most State Court criminal detainees, and they are insufficient to establish the requirement of

- 9 -

"extraordinary circumstances" to allow that detainee to avoid the established procedures for resolving State criminal charges -- including Pretrial proceedings, a Jury Trial, and appeals -- in order to proceed directly into Federal Court.

Nor has the Petitioner shown that the pending State criminal charges against him were filed in bad faith, or are wholly lacking in factual support. Although the Petitioner's submissions include a conclusory assertion of "imminent immediate and irreparable harm," see, <u>Petitioner's Response</u>, supra at p. 4, he has not actually identified any specific injury that would result from permitting his State criminal prosecution to unfold, through Trial and appeals, if any are necessary, as provided by Minnesota State law.

In sum, Petitioner has not shown the type of extraordinary circumstances that would authorize a Federal Court to intervene in an ongoing State criminal case. Furthermore, he has not exhausted all available State Court remedies for the claims that he is attempting to bring here. Therefore, we conclude that the Petitioner's Habeas Corpus Petition must be summarily dismissed pursuant to Rule 4 of the Governing Rules, although we recommend that the dismissal be without prejudice, so the Petitioner may seek Federal Habeas relief, if necessary, after his State Court remedies have been properly exhausted.

Lastly, given our recommendation that this action be summarily dismissed, we further recommend that the Petitioner's Applications to proceed in forma pauperis, ("IFP"), see, Docket Nos. 2 and 5, be denied as moot. See, 28 U.S.C. §1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074 n. 3 (8th Cir. 1996)(IFP application should be denied where Habeas Petition cannot be entertained).

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Petitioner's Petition for Habeas Corpus Relief under Title 28 U.S.C. §2254 [Docket No. 1] be summarily denied.

2. That the Petitioner's Applications for leave to proceed in forma pauperis [Docket Nos. 2 and 5] be denied as moot.

3. That this action be dismissed without prejudice.


Dated: July 21, 2009                  *s/Raymond L. Erickson*
                                      Raymond L. Erickson
                                      CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than August 7, 2009**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than August 7, 2009**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.