UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DENIS J. OPSAHL,<br><br>Petitioner,<br>v.<br><br>STATE OF MINNESOTA, HENNEPIN 4 DISTRICT COURT, and HENNEPIN CO. DETENTION CTR.,<br><br>Respondents. | Civil No. 09-1181 (JRT/RLE)<br><br>**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |

Denis J. Opsahl, #200902336, Hennepin County Detention Center, 401 South Fourth Street, Minneapolis, MN 55419, petitioner *pro se*.

Matthew Frank, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101, for respondents.

Petitioner Denis J. Opsahl filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 and two motions for leave to proceed *in forma pauperis* ("IFP"). United States Magistrate Judge Raymond L. Erickson issued a Report and Recommendation recommending that the Court summarily dismiss without prejudice Opsahl's habeas petition and deny as moot Opsahl's motions for leave to proceed IFP. Opsahl filed objections, and the Court reviews *de novo* those portions of the Report and Recommendation to which Opsahl objects. 28 U.S.C. § 636(b)(1)(C); D. Minn. Local Rule 72.2. For the reasons set forth below, the Court overrules the objections and adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

Opsahl is incarcerated in the Hennepin County Detention Center in Minneapolis, Minnesota on state charges stemming from his alleged placement of "crank 911 calls." (Pet'r's Resp. at 1-2, Docket No. 4.) The Hennepin County Register of Actions lists the charged offense as "Terroristic Threats-Bomb Threat." (Docket No. 13.) Opsahl is currently in pretrial custody awaiting trial on the pending state criminal charges. (*Id.*)

On May 20, 2009, Opsahl filed a petition for habeas corpus in the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 2254. (Pet. for Writ of Habeas Corpus, Docket No. 1.) Opsahl claims that he "was convicted by use of a coerced 'confession'"; his "conviction was obtained pursuant to an unlawful arrest"; his "conviction was obtained in violation of [his] prvalage [sic] against self-incrimination"; and that his "conviction [was] obtained by unconstitutional failure of the State to disclose to Defendant evidence favorable to Defendant." (*Id.* §§ 12.A, 12.C-D, 13.)

Although Opsahl characterizes his detention as occurring after a conviction, the Magistrate Judge concluded from the public record that Opsahl "is not presently in custody pursuant to a final Judgment of a State Court conviction, . . . he is simply a **pretrial detainee of the state**." (Report & Recommendation at 4, Docket No. 7 (emphasis added).) The Magistrate Judge further concluded that because Opsahl does not challenge a final judgment of conviction, the Court should construe his habeas petition under § 2254 as a petition for habeas relief under 28 U.S.C. § 2241. (*Id.* at 5.) The Magistrate Judge noted that a petitioner in state custody may seek habeas relief under § 2241 prior to the entry of a final state court judgment, but concluded that Opsahl had

not exhausted his state court remedies prior to filing the petition in federal court. (*Id.* at 5-6.) Moreover, the Magistrate Judge found that there were no "extraordinary circumstances" justifying the Court's intervention in the pending state criminal case. (*Id.* at 8-9.) As a consequence, the Magistrate Judge recommended that this Court summarily dismiss Opsahl's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and deny as moot Opsahl's motions for leave to proceed IFP. (*Id.* at 11.)

Opsahl timely filed three sets of objections to the Report and Recommendation, (*see* Docket Nos. 8-10), which the Court considers below.

**DISCUSSION**

As an initial matter, the Magistrate Judge properly concluded that the Court should construe Opsahl's habeas petition as a petition under 28 U.S.C. § 2241 instead of a petition under § 2254.[1] A state prisoner may petition for habeas relief under § 2254 if he is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). If a petitioner is not in custody pursuant to a final state court judgment, however, a § 2254 petition is not the proper vehicle by which to seek habeas relief. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) ("Dickerson's petition under 28 U.S.C. § 2254 is improper because that section applies only to post-trial situations and affords relief to a petitioner in custody pursuant to the judgment of a state court."

---

[1] In his third set of objections, Opsahl contends that he was improperly provided with § 2254 habeas petition paperwork and requests that the Court provide him with paperwork to file a § 2241 petition. (Third Objections at 2, Docket No. 10.) The Court denies the request as moot because the Court of its own accord construes Opsahl's original habeas petition as a petition for prejudgment relief under § 2241.

(internal quotation marks omitted)). Pretrial habeas petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Id.*; *see also Hirsch v. Smitley*, 66 F. Supp. 2d 985, 986 (E.D. Wis. 1999) ("Pre-judgment habeas relief is available . . . under 28 U.S.C. § 2241[.]").

28 U.S.C. § 2241 permits a court to grant a petition for writ of habeas corpus if a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although the statute does not expressly require exhaustion, federal courts have held that a state pretrial detainee seeking habeas relief under § 2241 must ordinarily first present constitutional claims to and exhaust remedies in state court. *See Dickerson*, 816 F.2d at 225; *see also Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981). In addition, "federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999); *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981) ("Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution."). Courts have concluded that extraordinary circumstances justifying such intervention include circumstances where double jeopardy or speedy trial rights are at issue. *See, e.g.*, *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488-89 (1973) (speedy trial); *Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992) (double jeopardy).

**I.     OPSAHL'S OBJECTIONS**

Opsahl appears to challenge the Magistrate Judge's conclusion that he has not yet been convicted of a crime, stating that he "Believes that his petition evidences The reality of a conviction under the circumstances and legal realism." (Second Objections at 1, Docket No. 9; *see also* Third Objections at 1, Docket No. 10.)  Opsahl also objects to the Magistrate Judge's finding that there is no speedy trial issue.  (Second Objections at 3, Docket No. 9.)  Opsahl further argues that there is no evidence to establish probable cause that he was involved in the state offense with which he was charged, and that the state violated his *Miranda* rights.  (*Id.* at 2-3.)  Finally, Opsahl objects to the Magistrate Judge's recommendation that the Court deny his motions for leave to proceed IFP.  (*Id.* at 4.)

Contrary to Opsahl's assertion, the public record demonstrates that at the time he filed his petition, the state court had not entered a final judgment of conviction for the offense with which Opsahl is charged.  Further, Opsahl has not established that extraordinary circumstances warrant this Court's intervention in the state criminal proceeding.  Opsahl relies on unsupported, conclusory allegations that he is being denied a speedy trial because "[t]he State wants no trial . . . [and] [t]he Transcript shows a pattern of outrageous monsterous [sic] state brutality."  (Second Objections at 3, Docket No. 9.)  Opsahl's arguments regarding the sufficiency of evidence to establish probable cause and the alleged *Miranda* violations should first be presented in state court pretrial

proceedings, at trial, and in appeals to state appellate courts.[2] Opsahl must exhaust those state court remedies before seeking habeas relief in federal court.

Accordingly, the Magistrate Judge properly concluded that the Court should summarily dismiss the habeas petition because "it plainly appears from the petition and . . . attached exhibits that the petitioner is not entitled to relief in the district court."[3] *See* Rule 4 of the Rules Governing Section 2254 Cases.

Finally, the Magistrate Judge did not err in recommending that the Court deny as moot Opsahl's motions for leave to proceed IFP. Because Opsahl has not established that he is entitled to habeas relief, his motions for leave to proceed IFP must be denied. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]").

## II. CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only where the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C.

---

[2] In his third set of objections, Opsahl argues that the "extraordinary circumstances" that may justify this Court's intervention in state criminal proceedings are not limited to double jeopardy or speedy trial issues. (Third Objections at 3, Docket No. 10.) Opsahl argues that "[a]bsence of court jurisdiction is always a ground [for intervention]" and implies that the state court does not have jurisdiction because the criminal "charges are defective." (*Id.*) As noted above, however, the sufficiency of the evidence supporting the charges must be addressed in state court proceedings and does not constitute an extraordinary circumstance warranting federal court intervention in those proceedings.

[3] Although the Rules Governing Section 2254 Cases are directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); *Mickelson v. United States*, Civil No. 01-1750, 2002 WL 31045849, at *2 (D. Minn. Sept. 10, 2002).

§ 2253(c)(2). The petitioner must show that issues are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, the Court finds that Opsahl has not shown that reasonable jurists would find the issues raised in Opsahl's § 2254 petition debatable, that some other court would decide this petition differently, or that the issues deserve further proceedings. The Court therefore declines to grant a Certificate of Appealability in this case.

**ORDER**

Based on the foregoing and the records, files, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket Nos. 8-10] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated July 21, 2009, [Docket No. 7]. Therefore, **IT IS HEREBY ORDERED** that:

1. The Petition for Habeas Corpus Relief [Docket No. 1] is **DISMISSED without prejudice**.

2. Petitioner's Motions for Leave to Proceed *In Forma Pauperis* [Docket Nos. 2, 5] are **DENIED as moot**.

3. Petitioner's Motion for Leave to Proceed *In Forma Pauperis* on Appeal [Docket No. 12] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 31, 2010       ____s/ John R. Tunheim____
at Minneapolis, Minnesota.      JOHN R. TUNHEIM
     United States District Judge